Dennis M. CLAPP, Appellant,

v.

The STATE of Texas, Appellee.

No. 68935.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Toby Goldsmith, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an appeal from an order denying bail under Article 1, Section 11a of the Texas Constitution. Appellant argues that in making the determination to deny bail the trial judge erred in considering evidence that was obtained as a result of an illegal search and seizure. However, before we reach that issue, we must consider a threshold question raised by the State. Specifically, the State submits that the Court of Criminal Appeals no longer has jurisdiction

of appeals from orders denying bail in light of recent constitutional and statutory amendments.

The record in the case shows that appellant was indicted on November 19, 1981 in Cause No. 29423 for the offense of possession of a controlled substance, to wit: amphetamine. Previous to being indicted, he had been released on bond in that case. On January 10, 1982, while still out on bond, appellant was arrested and charged in Cause No. 66018 with possession of a controlled substance, to wit: amphetamine of more than four hundred grams. On January 12, 1982, a joint hearing was held on appellant's application for writ of habeas corpus to set bond and the State's motion to deny bond. As a result of that hearing, an order was entered denying bond in Cause No. 66018, pursuant to Article 1, Section 11a of the Texas Constitution, for a period of sixty days from January 10, 1982.

The State urges that as of September 1, 1981, this Court no longer has jurisdiction of original appeals except in capital cases. Article 5, Section 5, as amended, of the Texas Constitution provides in part:

"The Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the state, and its determinations shall be final, in all criminal cases of whatever grade, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law.

"The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. The appeal of all other criminal cases shall be to the Courts of Appeal as prescribed by law. In addition, the Court of Criminal Appeals may, on its own motion, review a decision of a Court of Appeals in a criminal case as provided by law. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion."

Article 5, Section 6, as amended, provides in part:

" . . . Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law."

See also Article 4.03, V.A.C.C.P., and Article 4.04, V.A.C.C.P.

The above language appears to conflict with the language of Article 1, Section 11a, supra, which provides that in instances where bail is denied:

" . . . the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals." (Adopted in 1956, amended in 1977)

Thus, we have a specific constitutional provision mandating that an accused shall have the right to appeal to the Court of Criminal Appeals under Article 1, Section 11a, arrayed against the two general constitutional provisions of Section 5 and 6 of Article 5.

It has long been the rule that the courts "should avoid a construction (of constitutional provisions) which renders any provision meaningless or inoperative and must lean in favor of a construction which will render every word operative, rather than one which may make some words idle and nugatory." (Material in parenthesis added). *Hanson v. Jordan,* 145 Tex. 320, 198 S.W.2d 262, 263 (1946), citing 11 Am. Jur., page 665, Section 55. In other words, the Constitution is to be construed as a whole, so as to give effect to every provision, and, if possible, to harmonize them. *Texas National Guard Armory Board v. McCraw,* 132 Tex. 613, 126 S.W.2d 627 (1939); *Collingsworth County v. Allred,* 120 Tex. 473, 40 S.W.2d 13 (1931); *Jones v. Williams,* 121 Tex. 94, 45 S.W.2d 130 (1931). Different sections, amendments, or provi-

sions of a constitution which relate to the same subject matter should be construed together and considered in light of each other. *Collingsworth County v. Allred,* supra.

■ If the provisions of Article 5, Sections 5 and 6, are in irreconcilable conflict with Article 1, Section 11a, the section later in point of adoption will be given controlling effect. However, the rule is applied *only* upon a determination that it is *impossible* to harmonize the provisions by any reasonable construction which will permit them to stand together. *Ramirez v. Flores,* 505 S.W.2d 406 (Tex.Civ.App.-San Antonio, 1973), writ ref. n.r.e.; *Gulf, C. & S.F.R. Co. v. Rainbolt,* 67 Tex. 654, 4 S.W. 356 (1887).

■ Thus we turn to another rule of constitutional construction. That is, that in construing apparently conflicting provisions of the same constitution, the more general provision must yield to the more specific provision. *San Antonio & A.P. Ry. Co. v. State,* 128 Tex. 33, 95 S.W.2d 680 (Commission of Appeals of Tex. 1936), *Gulf, C. & S.F.R. Co. v. Rainbolt,* supra. This rule was applied in *Erwin v. Blanks,* 60 Tex. 583 (1884), in deciding a question very similar to the one before us. *Erwin* concerned a suit for the trial of right to property levied on under attachment and valued at $500. Article 5, Section 8 of the Texas Constitution gave the district court jurisdiction of all suits for trial of right to property levied upon by virtue of any writ of execution, sequestration or attachment, when the property levied on was equal to or exceeded $500 in value. However, Article 5, Section 16 of the Texas Constitution provided that the county court should have exclusive jurisdiction in all civil cases where the matter in controversy exceeded $200 in value but not more than $500 in value, exclusive in interest. The court found the latter provision to be of general character and the former to be of special character. Thus, Article 5, Section 8, prevailed over Article 5, Section 16, and the district courts were held to have special jurisdiction in these types of cases.

■ We apply the same analysis in the case at bar. Article 1, Section 11a is a special provision, carving out an exception to the general jurisdiction given to the courts in Article 5, Sections 5 and 6. Thus, in cases dealing with appeals from orders denying bail pursuant to Article 1, Section 11a, supra, this Court will have exclusive jurisdiction.

Next we turn to appellant's ground of error urging that in determining that appellant was substantially guilty of the new offense the trial judge erred in considering evidence that was obtained as a result of an illegal search and seizure. We note initially that appellant failed to preserve this argument by means of a timely objection. Appellant does not refer us to, nor can we find anywhere in the record, such an objection. Thus, nothing is preserved for review. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978).

The record shows that several officers from the Arlington police department went to the Flagship Inn in order to arrest an individual named Joel Hamm pursuant to a felony arrest warrant. The officers had received information that Hamm was an occupant of a suite rented by a woman named Susan Otts. When the officers knocked on the door of the suite and announced themselves as police officers, no one answered the door. A motel security officer opened the door with a pass key. Upon entering the suite, the officers saw Otts standing in the living room. Two other individuals were seated on couches in that room. Otts gave the officers permission to search the suite for Hamm. As one of the officers proceeded down a hallway, he encountered the appellant. The appellant accompanied the officer as he searched the rest of the suite. The first bedroom was empty and unused. The second bedroom was also empty but the bed was unmade and a watch, later identified as belonging to appellant, was on the dresser. While the officer was checking this bedroom he heard water running in an adjoining bathroom, as if a toilet had been flushed and was refilling. The officer entered the bathroom and saw two tinfoil packets, each

about five or six inches square, swirling in the toilet. The officer, suspecting the packages contained narcotics, reached in the toilet and retrieved the packages. It was later determined the packages contained amphetamine.

 The evidence before us shows that he was merely a guest in Ott's motel room. Thus, appellant has no standing to contest the validity of the search. *Manry v. State,* 621 S.W.2d 619 (Tex.Cr.App.1981); *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *United States v. Sulvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

Finally, the two packets which the officer found swirling in the toilet were abandoned property. To quote from the State's brief, "Most persons have no intention of retrieving things in toilets, especially ones that have just been flushed." When police take possession of abandoned property, there is no seizure under the Fourth Amendment. *Sullivan v. State,* 564 S.W.2d 698 (Tex.Cr.App.1978) (State's Motion for Rehearing); *Cazares v. State,* 488 S.W.2d 455 (Tex.Cr.App.1972); *Campbell v. State,* 492 S.W.2d 956 (Tex.Cr.App.1973); *Gomez v. State,* 486 S.W.2d 338 (Tex.Cr.App.1972). Appellant's ground of error is overruled.

Having found that this Court has jurisdiction of this appeal and having found that the trial court did not err in considering evidence obtained as a result of the search, we affirm the trial court's decision to deny bail.

ONION, P.J., and TEAGUE, J., concur in the result.