Jimmy GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–88–0655–CR, 01–88–00656–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1989.

**346**

Lois McCarnes, Houston, for appellant.

John B. Holmes, Dist. Atty. and Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

On March 28, 1988, appellant entered a plea of guilty to burglary of a habitation, received deferred adjudication, and was placed on probation for 10 years. Subsequently, appellant was arrested for possession of cocaine. Appellant filed a motion to suppress, which was denied. At the con-

clusion of the hearing on the motion to suppress, the court found the allegations in the State's motion to adjudicate to be true, adjudicated appellant on the burglary charge, and sentenced him to 15 years confinement. (Appeal 01–88–00656). Appellant then pled no contest to the cocaine charge, reserving his right to appeal the denial of the motion to suppress. The court found him guilty and assessed punishment at 15 years confinement. (Appeal 01–88–00655.)

In three points of error (appeals 01–88–00655 and 01–88–00656), appellant complains that the trial court erred in denying his motion to suppress because the cocaine was illegally seized from him. In his fourth point of error (appeal 01–88–00656 only), appellant argues that the trial court committed fundamental error in adjudicating him (on the burglary charge) on the basis of the cocaine charge because the seizure of the cocaine was illegal.

On April 24, 1988, Judge Alfred Leal ("Leal"), of Harris County Criminal Court at Law Number 9, was the victim of theft. His judicial identification and a gun were stolen out of his car, and tools were stolen from his garage. The following night, a large playhouse was stolen from Leal's front porch. Several residents of the neighborhood experienced similar thefts. The thefts were all reported to the Houston Police Department.

On the night the playhouse was stolen, Leal and his wife heard a noise and looked out the window. According to Leal, the street is well lit at night. Using a pair of binoculars, Leal saw two men with a bicycle. One would remain on the street, acting as a lookout, while the other "was pillaging other people's yards." It was near midnight.

A day or two later, a neighbor of Leal reported to him that he (the neighbor) had seen Leal's playhouse at a nearby apartment complex. Leal, accompanied by a uniformed police officer, went to the apartment complex to investigate. The playhouse was outside, in plain view, when Leal and the officer arrived. During the course of the investigation, Leal saw appellant

coming from the back of the complex, with a bicycle. He immediately recognized appellant as one of the two men he had seen through his binoculars.

Leal approached appellant while the police officer accompanied the complex manager to her office. Appellant was holding what appeared to be a shirt, or rag. Leal testified that he thought appellant might have a weapon wrapped in the rag. Therefore, upon approaching appellant, Leal showed appellant his judicial identification (which he'd had replaced), told him to place the object on the ground, and requested appellant's identification.

After hesitating approximately 45 seconds, appellant threw the object over a brick wall behind him, which is lined at the top with barbed wire. At that point, Leal drew his gun, ordered appellant to the ground, and handcuffed him. He then took appellant to the patrol car. Leal and the officer went back to the wall, looked over, and saw syringes and aluminum foil wrapped in the rag. Leal then drove around to the alley and retrieved the items. The syringes contained cocaine.

Appellant argues on appeal that Leal was not authorized to make an arrest, as a magistrate or private citizen, and that he lacked probable cause to make the arrest. Therefore, appellant contends, the cocaine is the fruit of an illegal arrest, and should have been suppressed. We disagree.

At the point Leal stopped him, appellant was not under arrest. Leal was attempting to obtain information regarding the theft of his playhouse. Leal was concerned for his safety, because he did not know whether a knife was concealed in the rag held by appellant. In response to appellant's raising his arm to throw the rag over the wall, Leal drew a gun and handcuffed appellant. Leal then took appellant to the police officer so a further investigation could be conducted by the officer.

■ Assuming, without deciding, that Leal had authority as a magistrate to detain appellant, we shall examine Leal's actions as government conduct, as contemplated by the fourth amendment. At the point Leal recognized appellant as the man who had been in and out of neighbors' yards on the night of the thefts, coupled with appellant's presence at the complex where the playhouse was discovered, Leal had reasonable suspicion, if not probable cause, to believe that appellant was the perpetrator of the thefts. He was, therefore, justified in detaining appellant for investigatory purposes. *Mays v. State,* 726 S.W.2d 937, 944 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988); *Ferguson v. State,* 573 S.W.2d 516, 522 (Tex.Crim.App.1978), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2870, 61 L.Ed.2d 304 (1979). He was also justified in conducting a *Terry* stop to protect himself against possible weapons. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ramirez v. State,* 672 S.W.2d 480, 482 (Tex.Crim.App.1984).

All of Leal's actions, up to the point appellant threw the rag over the wall, constituted lawful government conduct. The State argues that, if no police misconduct was involved, appellant abandoned the rag, and its contents, when he threw it over the wall. We agree. *Comer v. State,* 754 S.W.2d 656, 658–59 (Tex.Crim.App.1986).

The *Comer* court held that abandonment consists of two components: "(1) a defendant must intend to abandon property, and (2) a defendant must freely decide to abandon the property; the decision must not merely be the product of police misconduct." 754 S.W.2d at 659. Here, appellant threw the items over a brick wall, lined with barbed wire. One could not climb over the wall, or go around it. Leal testified that he had to "drive all the way around to—the block and come into the property from the front and walk all the way to the back" in order to retrieve the items appellant threw over the wall.

■ We find the evidence sufficient to establish that appellant intended to abandon the syringes, and the voluntariness of his action was not affected by any police/government misconduct. Therefore, Leal's retrieval of the syringes did not constitute a seizure under the fourth amend-

**348**

ment. *Clapp v. State*, 639 S.W.2d 949, 953 (Tex.Crim.App.1982).

If, on the other hand, we accept appellant's argument that Leal's authority as a magistrate did not extend to his actions in this case, we must assume he was acting as a private citizen. If Leal was nothing more than a citizen here, appellant has no fourth amendment argument. The fourth amendment only protects citizens from unlawful *government* conduct. *Bodde v. State*, 568 S.W.2d 344, 352–53 (Tex.Crim.App.1978), *cert. denied*, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1979).

Consequently, under either theory, the trial court did not err in denying appellant's motion to suppress.

Appellant's first three points of error are overruled.

In view of our ruling that the cocaine was not illegally seized, appellant's fourth point of error is without merit. In any case, appellant was adjudicated on the burglary charge pursuant to Texas Code of Criminal Procedure Annotated article 42.12 § 3d (Vernon Supp.1989). Appellant is not entitled to an appeal from an adjudication under this article. *Contreras v. State*, 645 S.W.2d 298 (Tex.Crim.App.1983).

The judgment of the trial court in appeal 01–88–00655 is affirmed.

Appeal 01–88–00656 is dismissed.