**Elvis KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–846–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1989.

Hal R. Ridley, Jerry B. Register, Huntsville, for appellant.

Franklin Blazek, Mary F. Klapperich, Huntsville, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Elvis Kelley, appeals from an order of the District Court denying him bail under the provisions of Article I § 11a of the Texas Constitution.

Appellant presents two points of error. In his first point of error, appellant asserts the trial court erred in failing to grant him reasonable bail because the State failed to show that any accusation, charge or complaint was filed against appellant. In his second point of error, appellant asserts the hearing held pursuant to the State's motion to deny bail was untimely.

We sustain appellant's first point of error and set aside the District Court order.

Appellant was arrested on August 16, 1989, by the Walker County Sheriff's deputies for the felony offense of possession of a controlled substance. At the time of his arrest, appellant was free on bail pursuant

to felony criminal charges for which he had been indicted on March 16, 1989 in cause number 15,426–C in Walker County. Appellant was held without bail, and on August 18, 1989, he filed a Petition for a Writ of Habeas Corpus. A hearing on this Petition and on the State's motion that appellant be held without bond pursuant to Art. I Sec. 11a of the Constitution of the State of Texas was held on August 23, 1989. The Court denied appellant relief under his petition and denied bail pursuant to the State's motion.

Article I, Section 11a, supra, provides, in material part:

> Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing, and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ... may be denied bail pending trial by a district judge in this State ...

At the hearing on August 23, 1989, the State produced testimony of four witnesses. The first witness, Byron Bush, testified that he is a peace officer with the Walker County Sheriff's Department. He stated he arrested appellant at approximately 10:00 p.m. on August 16, 1989, after observing appellant in a vehicle in a public park. Bush testified he had information from an informant that appellant and other individuals were in the park selling crack cocaine. Bush stated that upon encountering appellant, he told him to step out of his vehicle. When appellant exited his vehicle, Bush observed a small hat on the front seat where appellant had been sitting. When Bush looked underneath the hat, he found a bag of cocaine. Bush further testified that he was present at the laboratory in Houston, Texas to observe the presumptive test performed on the substance found in appellant's vehicle. Bush stated the results of the test indicated the substance was, in fact, cocaine. Sondra Denny, a chemist with the Texas Department of Public Safety crime lab in Houston, Texas, testified she conducted a preliminary test on the substance submitted to her by Bush

which confirmed that the substance was cocaine.

The State also called Melinda Archie who was arrested with appellant. Archie testified she met appellant on August 16, 1989, to buy cocaine. She stated she did not complete her purchase because of the arrival of Officer Bush.

Betty Tackett, the District Clerk of Walker County, Texas, testified that her records indicated appellant was indicted on March 16, 1989, in cause number 15,426–C, for the felony offense of possession of a controlled substance and that he was free on bond for that offense as of February 14, 1989.

> After the hearing the court found that: the evidence presented by the State substantially shows the defendant guilty of a felony offense committed while on bail for an indicted felony. The court further found that the defendant was arrested for said offense on August 16, 1989, at 10:00 p.m. and that this order is being signed and entered within seven days thereof and that the defendant is subject to being held without bond and it is the Order of this court that the defendant be held without bond.

Appellant, in his first point of error, complains the court erred in granting the State's motion because the State failed to prove appellant was currently charged with the commission of a non-capital felony which invoked the jurisdiction of the District Court under art. I § 11a of the Texas Constitution. The only evidence introduced by the State at the hearing consisted of an indictment previously returned against appellant for the offense of a controlled substance on March 16, 1989. At no time was any formal accusation or complaint introduced to show that appellant was incarcerated for an offense charged on or about August 16, 1989, the date of his last arrest.

 Any person accused of a felony less than capital in this State committed while on bail for a prior felony for which he has been indicted may be denied bail pending trial, by a District Judge in this State, if the order denying bail pending trial is issued within seven (7) calendar days sub-

sequent to the time of the incarceration of the accused. VERNON'S ANN.TEX. CONST. art. I, Sec. 11a. However, when the State seeks to have bail denied, the burden of proof is on the State to show that there has been compliance with the strict limitations and safeguards of the constitutional article governing denial of bail. *Lee v. State,* 683 S.W.2d 8 (Tex.Crim.App.1985). In our case, the State failed to produce any evidence of any formal charge filed against appellant either prior to or subsequent to his incarceration on August 16, 1989. In order to deny bail to an accused citizen it is incumbent upon the State of Texas to strictly comply with the provisions of article I § 11a of the Texas Constitution.

■ Where there is no showing that any accusation, charge, or complaint was ever filed or that appellant was incarcerated as a result thereof, the State's motion to deny reasonable bail must fail even where the evidence of the arresting officer is presented showing the circumstances of defendant's arrest. *Taylor v. State,* 667 S.W.2d 149 (Tex.Crim.App.1984). Where the laws of the State of Texas and the United States generally favor bail, it is incumbent upon the State to insure that all the procedural safeguards necessary to deny bail are met. We find that, by the State's failure to introduce evidence of some formal accusatory document showing the basis for appellant's incarceration on the new offense, the State has failed to meet its procedural burden.

There was no accusation so as to invoke the provisions of art. I, § 11a of the Texas Constitution. We sustain appellant's first point of error and set aside the trial court's order of August 23, 1989, denying appellant bail.

We need not consider appellant's other contention as to the invalidity of the order. The trial court's order of August 23, 1989, denying appellant's bail is set aside.