Elvis KELLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 009-90.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 28, 1990.

Hal R. Ridley, Jerry B. Register, Huntsville, for appellant.

Frank Blazek, Dist. Atty., and Mary Klapperich, Asst. Dist. Atty., Huntsville, Robert Huttash, State's Atty., Austin, for State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This case involves a purported appeal to the Court of Appeals by appellant after the trial court entered an order denying him bail under the provisions of Article I, Section 11a of the Texas Constitution. The Fourteenth Court of Appeals reversed the trial court and ordered the trial court's order of August 23, 1989, denying appellant bail set aside. *Kelley v. State*, 782 S.W.2d 537 (Tex.App.—Houston [14th], 1989). From this the State's Prosecuting Attorney brings a petition for discretionary review. We will grant the petition and remand the cause to the Court of Appeals with instructions.

In *Clapp v. State*, 639 S.W.2d 949 (Tex. Cr.App.1982), we held that this Court is vested with exclusive jurisdiction of appeals from orders denying bail entered pursuant to Article I, Section 11a of the Texas Constitution. See and compare *Primrose v. State*, 725 S.W.2d 254 (Tex.Cr.App.1987).

It is obvious that the Court of Appeals acted in this case without jurisdiction. In fact, it had no option when faced with this situation other than to order the appeal dismissed due to that lack of jurisdiction.

Therefore, pursuant to Tex.R.App.Pro. Rule 202(k), the judgment of the Court of Appeals is vacated and the cause remanded to that court with instructions to dismiss the appeal for want of jurisdiction.