**Elvis KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–846–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 1990.

Hal R. Ridley, Jerry B. Register, Huntsville, for appellant.

Franklin Blazek, Mary F. Klapperich, Huntsville, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON REMAND

ELLIS, Justice.

Appellant, Elvis Kelley, appealed an order of the District Court denying him bail under the provisions of Article I § 11a of the Texas Constitution. We reversed the trial court and ordered the trial court's order of August 23, 1989 denying appellant bail set aside. *Kelley v. State*, 782 S.W.2d 537 (Tex.App.—Houston [14th Dist.] 1989), filed December 7, 1989. The State filed a petition for discretionary review with the Texas Court of Criminal Appeals.

On February 28, 1990 the Court of Criminal Appeals granted the State's petition, vacated our judgment and remanded the cause to our court with instructions to dismiss the appeal for want of jurisdiction. *Kelley v. State*, 785 S.W.2d 157 (Tex.Crim. App.1990).

In its opinion, the Texas Court of Criminal Appeals relied on *Clapp v. State*, 639 S.W.2d 949 (Tex.Crim.App.1982) wherein it was held that the Court of Criminal Appeals is vested with exclusive jurisdiction of appeals from orders denying bail entered pursuant to Article I § 11a of the Texas Constitution. *See Primrose v. State*, 725 S.W.2d 254 (Tex.Crim.App.1987).

We find that our court lacks jurisdiction over this appeal. Therefore, we vacate our

judgment of December 7, 1989 and dismiss appellant's appeal.