OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 4, 2000

The Honorable John T. Smithee
Chair, House Committee on Insurance
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0217

Re: Whether Randall County may be divided into fewer than four justice of the peace and constable precincts (RQ-0156-JC)

Dear Representative Smithee:

You ask this office to interpret article V, section 18(a) of the Texas Constitution as amended by vote of the people on November 2, 1999. In particular, you wish to know whether Randall County, Texas may divide itself into fewer than four justice of the peace and constable precincts under this article. We conclude that, although as of November 2, 1999, Randall County was divided into four such precincts, it may nevertheless do so.

As you point out, article V, section 18(a) of the Texas Constitution governs the division of the counties of Texas into justice of the peace and constable precincts. Generally, such division is a function of population. In the 76th Texas Legislature, article V, section 18(a) was amended so as to increase such population brackets. Before its amendment, the section read in part, "Notwithstanding the population requirements of this subsection, Chambers County, from time to time, for the convenience of the people, shall be divided into not less than two and not more than six precincts." TEX. CONST. art. V, § 18(a) (amended Nov. 2, 1999). During the floor debate on the amendment, the words "and Randall County" were added to this provision. H.J. OF TEX., 76th Leg., R.S. 1548 (Apr. 29, 1999). This addition formed part of the amendment approved by the people on November 2, 1999. Accordingly, had there been no other relevant amendments to section 18(a), then upon the adoption of the amendment by the people, Randall County would unquestionably have had the right to reduce the number of its precincts from four to two if it wished to do so.

However the issue is complicated by the addition of yet another amendment to the section. As approved by the voters, the last sentence of section 18(a) now reads, "Notwithstanding the population requirements of this subsection, any county that is divided into four or more precincts on November 2, 1999, shall continue to be divided into not less than four precincts." TEX. CONST. art. V, §18(a). Pursuant to this sentence, any and all counties which were divided into four or more precincts as of the date the amendment passed must remain divided into at least four precincts. Randall County, as you inform us, is such a county.

You point out that the engrossed version of House Joint Resolution 71, sent from the House to the Senate, read in pertinent part. "any county . . . may continue to be divided into not less than four precincts." *See* Tex. H.J. Res. 71, 76th Leg., R.S. (1999) (engrossed version). However, you further note that an amendment changing the term from "may" to "shall" was made and passed on the Floor of the Senate and that the House concurred. *See* S.J. OF TEX., 76th Leg., R.S. 1881 (May 18,1999). Thus, it was the "shall" language which was submitted to and approved by the electorate. Accordingly, the "shall" language is the law of Texas.

"Shall" in this sentence is clearly mandatory rather than permissive. *See Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) ("shall" generally construed as mandatory unless legislative intent suggests otherwise). Therefore a county may not be divided into fewer than four precincts if it were not so divided before November 2, 1999.

We are therefore presented with the question of how to resolve this seeming contradiction. As a general matter, when interpreting the Texas Constitution, we must attempt to avoid a construction that renders any provision inoperative. *See Spradlin v. Jim Walter Homes, Inc.*, 9 S.W.3d 473, 475 (Tex. App.–Dallas 2000, pet. filed). Here we may avoid treating the addition of Randall County to the Chambers County provision as inoperative by treating it as a specific exception to the general rule of the last sentence, *see Oakley v. State*, 830 S.W.2d 107, 110 (Tex. Crim. App. 1992) (en banc); *Clapp v. State*, 639 S.W.2d 949, 952 (Tex. Crim. App. 1982) (en banc). Accordingly, we conclude that Randall County, pursuant to the specific authority provided it by article V, section 18(a) of the Texas Constitution, may divide itself into fewer than four justice of the peace and constable precincts.

You further ask whether, should it so divide itself, Randall County may still retain four precincts for the purpose of electing county commissioners. We conclude that it not only may, but must do so. Article V, section 18(b) of the Constitution provides that, "Each county . . . shall be divided into four commissioners precincts." There are no population brackets in section 18(b). Every county in Texas, from Harris County to Loving County, is so divided. Accordingly, Randall County must remain so divided.

## S U M M A R Y

Randall County, pursuant to the specific authority provided it by article V, section 18(a) of the Texas Constitution, may divide itself into fewer than four justice of the peace and constable precincts. However, pursuant to article V, section 18(b), it must remain divided into four commissioners precincts.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee