IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,817






EX PARTE DARRON T. MOORE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 2007-414,858-A IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Applicant was convicted of possession of a controlled substance and was
sentenced to ninety-nine years' imprisonment. His conviction was upheld on direct
appeal. Moore v. State, No. 07-09-0276-CR, 2010 Tex. App. LEXIS 3312 (Tex.
App.--Amarillo May 4, 2010) (memo. op., not designated for publication). Applicant's
petition for discretionary review was denied by this Court. Applicant now files this
application for writ of habeas corpus claiming that he was denied effective assistance of
trial counsel when trial counsel failed to preserve the issue of the validity of the search
warrant for appellate review. The trial court entered findings of fact and conclusions of
law recommending that we deny relief. Relief is denied.

BACKGROUND

 Applicant was arrested on December 8, 2006, during the execution of a search
warrant on Room 25 of the Sunset Motel located at 2305 Clovis Road, Lubbock, Texas. 
The search resulted in the seizure of cocaine base and marijuana. Applicant was indicted
for the offense of possession with intent to deliver cocaine in an amount of between 4 and
200 grams.

 The affidavit in support of the search warrant stated the following, in pertinent
part:


 6. The target of this investigation is a black male known as "Dizzy",
who resides at 2305 Clovis Road, Room number 25, Lubbock, Lubbock
County, Texas based on the information set forth herein below.

* * * 

 The Affiant believes the Confidential Source (CS), referred to in this
affidavit to be truthful. The below listed CS's have provided information in
the past that has proven to be true and correct, and the information provided
has been corroborated through surveillance, record checks, and other law
enforcement officers. 

 Affiant has learned through his tenure as a DEA Task Force Officer
in Lubbock, Texas, as a Lubbock Police Officer, through Confidential
Sources, Sources of Information, and other law enforcement officers that
"Dizzy" and "Nookie" are distributors of cocaine base in the Lubbock,
Texas area. Within the past seventy-two hours, that above listed
confidential informant has observed a quantity of cocaine base inside of the
listed motel room. The confidential informant is able to recognize cocaine
base and other controlled substances.

 The Above referenced confidential informant has given information
in the past on at least five occasions that has been proven to be credible and
reliable. Affiant believes the informant to be credible and reliable base[d]
on the past performance of the confidential informant.

* * *

 Based on information contained within this Affidavit, and based on
my training, education, and experience, Affiant believes that "Dizzy" and
"Nookie" are distributors of cocaine base in the Lubbock, Texas area and
that "Dizzy" and "Nookie" utilize this building for the purpose of
concealing his proceeds and cocaine base.

 Due to these factors, Affiant asks for the issuance of a warrant that
will authorize him to search said premises for potential contraband.


 Applicant filed a motion to suppress alleging that all evidence obtained during the
search of the motel room should be suppressed because the search violated his
constitutional and statutory rights under the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution; Article I, Section 9, of the Texas
Constitution; and Article 38.23 of the Texas Code of Criminal Procedure. Specifically,
Applicant argued that the search warrant used to obtain the evidence in the case was
improper because (1) the search warrant affidavit did not reflect sufficient probable cause
to justify the issuance of a search warrant because it lacked sufficient underlying
circumstances to permit the conclusion that the contraband was at the location where it
was claimed to be and failed to establish the credibility of the confidential informant; (2)
the search warrant affidavit did not show probable cause sufficient to justify the issuance
of the search warrant because there was no substantial basis for concluding that probable
cause existed; (3) the information contained in the search warrant affidavit was stale; and
(4) the issuing magistrate was misled by information in the affidavit that the affiant
officer knew was false or would have known was false but for his reckless disregard for
the truth. 

 At the pretrial hearing on the motion to suppress, the only witness to testify was
Agent Dwayne Gerber, a Lubbock Police Department officer assigned to the Drug
Enforcement Administration (DEA) Task Force. Gerber testified that he prepared the
search warrant affidavit on December 8, 2006. He stated that the confidential informant,
who he believed to be reliable, observed narcotics within the motel room within the
preceding seventy-two hours and that Gerber used the information as support for his
request for the issuance of a warrant. Gerber explained that the search warrant is based
on the facts that are within the affidavit. He also acknowledged that "the only data that is
specific with the exception of the room number and numerals and how the building looks,
as far as facts and circumstances is that the confidential informant had been in there
within 72 hours." Regarding the search executed in the motel room, Gerber stated that he
seized the two bags of contraband from the toilet. $120 was also located in the room, but
it was not seized.

 The trial court denied the motion to suppress: "I do agree with [the State] that the
affidavit is sufficient and the search warrant is valid based on that affidavit. So the
motion to suppress is denied."

 During the guilt phase of trial, a forensic chemist for the DEA testified about his
analysis of the drugs found in the motel room during the execution of the search warrant. 
When the State offered that contraband into evidence, defense counsel stated, "No
objection." After hearing all of the evidence, the jury found Applicant guilty of the
lesser-included offense of possession of cocaine in an amount of between 4 and 200
grams, and he was subsequently sentenced to ninety-nine years' imprisonment. (1) 

 On direct appeal, the Amarillo Court of Appeals upheld Applicant's conviction. 
Moore, 2010 Tex. App. LEXIS 3312. The court overruled Applicant's argument that "the
trial court should have suppressed the evidence found as a result of execution of the
search warrant" because Applicant waived any such complaint when he said "no
objection" at the time the evidence was offered. Id. at *5. Applicant's petition for
discretionary review was denied by this Court. 

 On October 25, 2011, Applicant filed this pro se application for writ of habeas
corpus, in which he complains of two instances of alleged ineffective assistance of trial
counsel. Applicant asserts that trial counsel was ineffective for not preserving for
appellate review the denial of a motion to suppress. (2) 

 The State filed a response to Applicant's writ application, in which the State
argued that prejudice had not been shown for two reasons. First, the State maintained that
Applicant did not allege any facts establishing that he had a reasonable expectation of
privacy in the motel room, so his claim should not be addressed on the merits. Second,
the State argued that "[t]he search warrant affidavit supported issuance of a search
warrant, given that the affidavit alleged sufficient, specific facts showing probable cause
to believe that there were drugs located within the motel room."

 Subsequently, trial counsel filed an affidavit. He stated, "It was not a matter of
trial strategy when I did not object to the evidence that had been previously the subject of
a Motion to Suppress. . . . I should have objected to preserve the error for appellate
review." Trial counsel also stated, "I do believe the warrant to be invalid and hope that
my client would not be punished further for my mistake."

 Following receipt of the State's response and trial counsel's affidavit, the trial
court entered findings of fact and conclusions of law, recommending that relief be denied
because ineffective assistance of counsel had not been shown. The court found that
counsel's performance was deficient because "[i]t was not a matter of trial strategy for
trial counsel not to object to the evidence that had previously been the subject of a pretrial
motion to suppress." However, the court determined that prejudice had not been shown. 
It explained that it had "denied the motion to suppress, rejecting the various legal
challenges to the search warrant. The motion to suppress was properly denied because
the search warrant affidavit supported issuance of a search warrant, in that the affidavit
alleged sufficient, specific facts showing probable cause to believe that there were drugs
then present within the motel room." Therefore, the trial court concluded that "[e]ven if
the issue had been preserved for appellate review, it would have been denied by the
appellate court because the denial of the motion to suppress did not constitute an abuse of
discretion."

 The writ application and accompanying documents were received by this Court,
and on June 13, 2012, we ordered this application to be filed and set for submission. Ex
parte Moore, No. AP-76,817, 2012 Tex. Crim. App. Unpub. LEXIS 599 (Tex. Crim.
App. June 13, 2012) (not designated for publication). Applicant's motion to expand the
habeas record with objections was also granted. We ordered the parties to brief the
following issue:

 Whether Applicant was denied effective assistance of trial counsel when
counsel filed and argued, before trial, a motion to suppress evidence
obtained from a search conducted pursuant to a warrant, which was denied,
but failed to preserve the issue of the validity of the search warrant for
appellate review. See Strickland v. Washington, 466 U.S. 668 (1984).


 We hold that Applicant was not denied effective assistance of counsel. He has
failed to show that he was prejudiced by his trial counsel's performance. Consequently,
relief is denied.

ANALYSIS

 A defendant has a Sixth Amendment right to effective assistance of counsel. U.S.
Const. amend. VI. Ineffective assistance of counsel claims are cognizable on habeas
review, and to determine whether to grant habeas relief for ineffective assistance of
counsel, Texas courts apply the standard set forth in Strickland v. Washington, 466 U.S.
668 (1984). See Ex parte Martinez, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011);
Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). Strickland requires
the applicant to establish two components by a preponderance of the evidence: deficient
performance of trial counsel and harm resulting from that deficiency that is sufficient to
undermine the confidence in the outcome of the trial. Strickland, 466 U.S. at 687. 

A. Performance

 Under the first prong of Strickland, the applicant must show that his attorney's
performance was deficient, meaning that it "fell below an objective standard of
reasonableness" under prevailing professional norms and according to the necessity of the
case. Id. at 687-88; Ex parte Marrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)
(asking "whether counsel's advice was within the range of competence demanded of
attorneys in criminal cases"). The applicant "must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial strategy." 
Strickland, 466 U.S. at 689 (quotations omitted).

 We agree with the trial court's conclusion that Applicant has shown that his
counsel's performance was deficient. At trial, defense counsel stated, "No objection" to
the introduction of the evidence that was the subject of the suppression motion. "[W]hen
the defendant affirmatively asserts during trial he has 'no objection' to the admission of
the complained of evidence, he waives any error in the admission of the evidence despite
the pre-trial ruling." Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). 
Therefore, the court of appeals correctly found that Appellant waived the complaints
raised in the hearing on the motion to suppress when he stated, "No objection" when the
evidence was offered by the State. See Moore, 2010 Tex. App. LEXIS 3312, at *5. 
Additionally, in his affidavit, trial counsel concedes that he had no trial strategy when he
said, "No objection" to the admission of the evidence and he should have objected to
preserve the error for appellate review. He also admits that he believed at the time and
continues to believe that Gerber's affidavit in support of the search warrant was not
sufficient and the evidence should have been suppressed. Accordingly, counsel's
performance fell below an objective standard of reasonableness. 

B. Prejudice

 Under the second prong of Strickland, the applicant must demonstrate that he was
prejudiced by his attorney's performance or that "there is a reasonable probability[ (3)] that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different." Strickland, 466 U.S. at 694. Consequently, to demonstrate harm in this case,
Applicant must show that he would likely have been successful on appeal had the issue
been properly preserved, that is, that the trial court's denial of Applicant's motion to
suppress was an abuse of discretion. Jackson v. State, 973 S.W.2d 954, 956-57 (Tex.
Crim. App. 1998); see Martinez, 330 S.W.3d at 901. 

 A trial court's ruling on a motion to suppress is reviewed for an abuse of
discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). At a hearing
on the motion, the trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). An appellate
court must view the record of the hearing on the motion in the light most favorable to the
trial court's ruling and must sustain the trial court's ruling if it is reasonably supported by
the record and is correct on any theory of law applicable to the case. Villarreal, 935
S.W.2d at 138. When the trial court does not file findings of fact concerning its ruling on
a motion to suppress, we assume that the court made implicit findings that support its
ruling, provided that those implied findings are supported by the record. Torres v. State,
182 S.W.3d 899, 902 (Tex. Crim. App. 2005); see Maxwell v. State, 73 S.W.3d 278, 281
(Tex. Crim. App. 2002). 

 To evaluate the trial court's ruling on the motion to suppress, we must initially
consider whether Applicant has standing to challenge the search of the motel room that
resulted in the discovery of the cocaine for which he was prosecuted. (4) If he personally
did not have a reasonable expectation of privacy in the motel room, then he cannot
complain of an alleged violation of his Fourth Amendment rights resulting from that
search. The State argued on direct appeal that Applicant did not establish his standing to
complain about the search, and it renews the argument here.

 The Fourth Amendment of the U.S. Constitution and Article I, Section 9, of the
Texas Constitution protect individuals from unreasonable searches and seizures. 
Richardson v. State, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993). The rights secured by
the Fourth Amendment and Article I, Section 9, are personal, and accordingly, an accused
has standing to challenge the admission of evidence obtained by an "unlawful" search or
seizure only if he had a legitimate expectation of privacy in the place invaded. Rakas v.
Illinois 439 U.S. 128, 139, 143 (1978); Richardson, 865 S.W.2d at 948-49. The
defendant who challenges a search has the burden of proving facts demonstrating a
legitimate expectation of privacy. Villarreal, 935 S.W.2d at 138. He must show that he
had a subjective expectation of privacy in the place invaded and that society is prepared to
recognize that expectation of privacy as objectively reasonable. Id.; see Smith v.
Maryland, 442 U.S. 735, 740 (1979). 

 In considering whether a defendant has demonstrated an objectively reasonable
expectation of privacy, we examine the totality of the circumstances surrounding the
search, including

 (1) whether the accused had a property or possessory interest in the place
invaded; (2) whether he was legitimately in the place invaded; (3) whether
he had complete dominion or control and the right to exclude others; (4)
whether, before the intrusion, he took normal precautions customarily taken
by those seeking privacy; (5) whether he put the place to some private use;
and (6) whether his claim of privacy is consistent with historical notions of
privacy.


Granados v. State, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002); Villarreal, 935 S.W.2d at
138. This is a non-exhaustive list of factors, and no one factor is dispositive. Granados,
85 S.W.3d at 223. "Although we defer to the trial court's factual findings and view them
in the light most favorable to the prevailing party, we review the legal issue of standing
de novo." Kothe v. State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

 In Stoner v. California, 376 U.S. 483 (1964), the United States Supreme Court
held that a registered guest in a hotel room, like a tenant of a house, is entitled to the
constitutional protections against unreasonable searches and seizures. 

 In Clapp v. State, 639 S.W.2d 949 (Tex. Crim. App. 1982), this Court held that a
guest in a hotel room rented by another did not have a reasonable expectation of privacy
in that room. In that case, the police went to a hotel room registered to Susan Otts to
execute an arrest warrant for Joel Hamm. Otts gave the police permission to search the
suite for Hamm, and as one officer searched the suite, he encountered the appellant,
Clapp. Clapp accompanied the officer as he searched the rest of the suite. One bedroom
appeared to be unoccupied, but the bed in the second bedroom was unmade and Clapp's
watch was on the dresser. While the officer was checking the second bedroom, he heard
water running in the adjoining bathroom. Upon entering the adjoining bathroom, the
officer saw two tinfoil packets, later determined to contain narcotics, swirling in the toilet
bowl. The officer retrieved the packets and arrested Clapp for possession of
amphetamine. This Court held that Clapp did not have standing to object to the search
because the evidence showed that "he was merely a guest in Ott's motel room." Id. at
953.

 Eight years later, in Minnesota v. Olson, 495 U.S. 91 (1990), the Supreme Court
held that an overnight guest has a legitimate expectation of privacy in his host's home and
implied the same for an overnight guest in another's hotel room. The Supreme Court
explained,

 To hold that an overnight guest has a legitimate expectation of
privacy in his host's home merely recognizes the everyday expectations of
privacy that we all share. Staying overnight in another's home is a
longstanding social custom that serves functions recognized as valuable by
society. . . . although we may spend all day in public places, when we
cannot sleep in our own home we seek out another private place to sleep,
whether it be a hotel room, or the home of a friend. Society expects at
least as much privacy in these places as in a telephone booth--"a
temporarily private place whose momentary occupants' expectations of
freedom from intrusion are recognized as reasonable."

 

Id. at 98-99 (citations omitted, emphasis added).

 The following year, in Villarreal v. State, 935 S.W.2d 134, we declined to extend
the protection afforded in Minnesota v. Olson to a more casual, temporary visitor. In
Villarreal, the appellant was a guest in another individual's residence. A search of the
residence resulted in the appellant's arrest for felony possession of marijuana and cocaine
with intent to deliver. The record established that the appellant was in the residence for
an hour or two to arrange a business transaction and that he left the residence and
returned shortly after midnight, rushing inside to avoid arrest. There was no evidence that
the appellant had clothes or other belongings in the room or any other evidence
suggesting that the appellant intended to stay the evening. The court of appeals, in
holding that appellant lacked standing to challenge the search, recognized that Minnesota
v. Olson held that an overnight guest had a legitimate expectation of privacy in the
residence in which he spent the night, but "decline[d] to extend this expectation to the
more casual visitor such as appellant." Villarreal v. State, 893 S.W.2d 559, 561 (Tex.
App.--Houston [1st Dist.] 1994). We affirmed the court of appeals's holding: "In our
view, American society is not willing to sanction as objectively reasonable the subjective
expectation of privacy of someone who is in a residence under the circumstances
presented in this case." Villarreal, 935 S.W.2d at 139. 

 Synthesizing this case law, it is clear that the rationale behind Minnesota v. Olson
compels the conclusion that overnight guests of a registered hotel guest share the
registered guest's reasonable expectation of privacy in the hotel room. However, whether
a temporary guest may share in the registered guest's reasonable expectation of privacy is
to be evaluated by the totality of the circumstances. This holding is consistent with the
holdings of other jurisdictions. (5) And, in Rakas v. Illinois, 439 U.S. 128, the Supreme
Court rejected the phrase "legitimately on premises" as too broad a gauge for measuring
Fourth Amendment rights, illustrating its point by noting that the phrase would allow
even a "casual visitor" invited into a home for a presumably brief stay to have standing. 
Id. at 142.

 Turning to the case at hand, when viewed in the light most favorable to the trial
court's ruling, the record of the hearing on the motion to suppress established only that
Applicant was in the motel room at the time the search warrant was executed. The
evidence does not show that Applicant's subjective expectation of privacy was one that
society was prepared to recognize as objectively reasonable under the circumstances. 
This conclusion is grounded on the totality of the circumstances established by the
evidence. There was no evidence that Applicant was the registered guest of the room or
that he had any property or possessory interest in the room. Nor was there evidence that
he had any personal belongings in the room or that he intended to stay overnight. 

 Because Applicant did not have a reasonable expectation of privacy in the motel
room, he cannot complain of an alleged violation of his Fourth Amendment rights
resulting from the search at issue, and the trial court did not abuse its discretion in
denying Applicant's motion to suppress. Therefore, Applicant has failed to demonstrate
harm resulting from trial counsel's deficient performance because he has not shown that
he would likely have been successful on appeal had the issue been properly preserved.

 Relief is denied.


Delivered: April 10, 2013

Publish

 
1. Applicant pled "true" to the enhancement paragraph.
2. Applicant's other claims were denied because they lacked merit. Ex parte Moore, No.
AP-76,817, 2012 Tex. Crim. App. Unpub. LEXIS 599 (Tex. Crim. App. June 13, 2012) (not
designated for publication).
3. "A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694.
4. Though frequently expressed as whether the defendant has "standing" to challenge a
search, "the better analysis forthrightly focuses on the extent of a particular defendant's rights
under the Fourth Amendment, rather than on any theoretically separate, but invariably
intertwined concept of standing." Rakas v. Illinois, 439 U.S. 128, 139 (1978).
5. See, e.g., United States v. Baskin, 424 F.3d 1, 3 (1st Cir. 2005) (holding that the
defendant failed to establish that he had a reasonable expectation of privacy in a motel room that
was registered to another person); United States v. Vanaman, 12 Fed. Appx. 222, 231 (6th Cir.
2001) (holding that the defendant lacked standing to challenge the search of a motel room when
the room was not registered in his name and there was no evidence that he stayed there); United
States v. Sturgis, 238 F.3d 956, 958-59 (8th Cir. 2001) (holding that defendant, who was visiting
another's motel room for the purpose of distributing controlled substances, lacked a reasonable
expectation of privacy in the motel room); United States v. Gordon, 168 F.3d 1222, 1226 (10th
Cir. 1999) (recognizing that registered occupants of a hotel room and overnight guest of the
registered occupants have standing to object to a search); United States v. Wilson, 36 F.3d 1298,
1303 (5th Cir. 1994) (holding that an overnight guest of hotel resident had standing to object to
search of the hotel room); United States v. Carr, 939 F.2d 1442, 1446 (10th Cir. 1991) (holding
that the defendant had no standing to object to search of hotel room absent evidence showing that
he was an overnight guest of registered guest); Rockett v. State, 891 S.W.2d 366, 369-70 (Ark.
1995) (holding that defendant lacked standing to object to search when the room was registered
in another name and defendant failed to present any evidence that he spent more than a brief
period in the room); People v. Dumas, 955 P.2d 60, 63 n.4 (Colo. 1998) (holding that defendant,
who was the renter and occupant of the motel room at the time, had standing to challenge the
search of the room); State v. Gonzalez, 85 P.3d 711, 714-15 (Kan. App. 2004) (holding that
defendant had no reasonable expectation of privacy in motel room he occupied but which was
registered in another occupant's name and there was no evidence that defendant was an overnight
guest); State v. McMillian, 557 S.E.2d 138, 142-43 (N.C. Ct. App. 2001) (holding that absent
evidence that defendant planned to stay overnight, he had no standing to object to search of hotel
room registered to another person); People v. Ali, 517 N.Y.S.2d 216, 217-18 (N.Y. App. Div.
1987) (holding co-occupant with registered hotel guest shared reasonable expectation of privacy
in hotel room); Owens v. State, 269 P.3d 1093, 1097-98 (Wyo. 2012) (holding that the defendant
lacked standing to challenge the legality of search of friend's motel room).